**Jason K. Singleton**, State Bar #166170
jason@singletonlawgroup.com
**Richard E. Grabowski**, State Bar #236207
rgrabowski@mckinleyville.net
**SINGLETON LAW GROUP**
611 "L" Street, Suite A
Eureka, CA 95501

(707) 441-1177
FAX  441-1533

Attorneys for Plaintiff, ASIS Internet Services

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASIS INTERNET SERVICES, a California corporation,<br><br>    Plaintiff,<br><br>vs.<br><br>ALL IN, LLC., dba POWER-CL1CKS2.COM, and DOES ONE through FIFTY, inclusive,<br><br>    Defendants. | Case No.  CV-07-5717 JSW<br><br>**APPLICATION FOR ENTRY OF DEFAULT JUDGMENT, AND DECLARATION OF JASON K. SINGLETON IN SUPPORT HEREOF** |

I, Jason K. Singleton hereby declare as follows:

1. I have personal and firsthand knowledge of each fact hereinafter set forth and if called to testify could and would competently testify thereto.

2. I am the attorney for Plaintiff in this matter.  Defendant ALL IN, LLC, has been served with the summons and complaint and Default was entered in the above captioned matter against Defendant ALL IN, LLC, on April 1, 2008.  (Docket # 13).

3. Said Defendant ALL IN, LLC, is neither a minor or incompetent person, nor an individual serving in the United States armed forces.

4. Notice of entry of Default was served on ALL IN, LLC, on April 2, 2008.

5. Notice of the within Application for Entry of Default Judgment was served upon Defendant ALL IN, LLC, on April 2, 2008, via U.S. Mail.

1    6.    Plaintiff incorporates by reference, as though set forth in full, each and every
2 allegation within the Complaint in this action, together with the Exhibits attached to the
3 Complaint.

4    7.    Plaintiff also seeks herein for the Court to enter a permanent injunction against
5 Defendant, Defendant's officers, directors, managing agent, (as that term is used by the
6 Florida statutes pertaining to Florida LLC's), precluding such persons from sending bulk
7 commercial emails to any current or former client of ASIS Internet Services:

      a)    The **CAN SPAM Act** itself provides for injunctive relief. 15 *U.S.C.*7706 (g)(1)(a).

      b)    The monetary damages which accrue as a result of an IAP receiving spam email messages is difficult to calculate and are a continuing injury and consequently monetary damages alone are inadequate. (Hence the CAN SPAM Act's statutory penalties and injunction provisions.)

      c)    Considering the balance of the hardships, the scale tips clearly in favor of granting a permanent injunction. ASIS' internet clients, all have the "asis" domain name in the client's email address. For example, joe@asis.com. Consequently, it is a simple matter for Defendant to add the "asis" domain name to Defendant's email address suppression list. Hence, there is little hardship on Defendant to stop emailing Plaintiff's clients, whereas the thousands of SPAM email messages sent to ASIS internet services causes considerable, and ongoing difficulties.

      d)    The public interest will be served by such an injunction. SPAM email messages consume internet bandwidth across the internet, and cause problems which reach will beyond ASIS internet services. For example, where ASIS "bounces" unwanted email messages coming into its servers, (for example, spam sent to

|   |   |
|---|---|
| | inactive addresses) those messages actually bounce to whatever email address the spammer put in the "sent from" field in the message. Spammers rarely, if ever, put their own email address in the "sent from" field, rather making up an address, or using some innocent third parties address. Consequently, bounced messages frequently end up in some innocent third parties inbox. |
| e) | The permanent injunction Plaintiff seeks herein, is narrowly tailored to provide relief to the scope of the violations at issue. Plaintiff is not seeking to preclude Defendant from sending emails in general. The injunction is only aimed at Defendant's sending emails to Plaintiff's servers. The proposed injunction also allows Defendant to send emails to Plaintiff's clients, where Defendant has obtained a "double opt-in" consent from Plaintiff's clients. (Double opt-in, is a process whereby a consumer enters their email address to receive marketing information, then an email is sent to the consumer which includes an activation link that the consumer must click on.) |

8. Plaintiff seeks statutory penalties, a sum certain, as set forth in the Complaint, against Defendant ALL IN, LLC, as follows:

**CAN SPAM Act:**

**15 USC 7706(g)(3) Statutory damages**

"(A)  In general

For purposes of paragraph (1)(B)(ii), the amount determined under this paragraph is the amount calculated by multiplying the number of violations (with each separately addressed unlawful message that is transmitted or attempted to be transmitted over the facilities of the provider of Internet access service, or that is transmitted or attempted to be transmitted to an electronic mail address obtained from the provider of Internet access service in violation of section 7704(b)(1)(A)(i) of this title, treated as a separate violation) by--

    **(i)**    up to $100, in the case of a violation of section 7704(a)(1) of this title; or

///

(B) Limitation

For any violation of section 7704 of this title (other than section 7704(a)(1) of this title), the amount determined under subparagraph (A) may not exceed $1,000,000.

(C) Aggravated damages

The court may increase a damage award to an amount equal to not more than three times the amount otherwise available under this paragraph if--

    **(i)** the court determines that the defendant committed the violation willfully and knowingly; or

    **(ii)** the defendant's unlawful activity included one or more of the aggravated violations set forth in section 7704(b) of this title.

**15 USC 7706(g)(4) Attorney fees**

In any action brought pursuant to paragraph (1), the court may, in its discretion, require an undertaking for the payment of the costs of such action, and assess reasonable costs, including reasonable attorneys' fees, against any party."

**CAN SPAM Act** penalties based on violations:

a) Violation of 15 *USC* 7704(a)(1) – initiation of commercial electronic mail message to protected computer containing false or misleading header information. $100 per email.

    Plaintiff has currently received 981 emails:

    **damages are $100 X 981 emails = $98,100.**

b) Damages may be trebled for a violation of 15 *USC* 7704(b)(1) or (2) – directory harvest, or automated creation of multiple electronic mail accounts, or relay or retransmission through unauthorized access.

    Plaintiff has alleged and provided evidence of these violations.

    **Treble all damages for a Total of 3 X $98,100 = $294,300.**

**Attorney fees and costs**

Plaintiff's counsel submits its statement of attorney fees and costs herewith in the sum of attorney fees $8,617.00 and costs $621.95 for a total of: **$9,238.95**

**TOTAL Damages**

The statutory penalties as trebled in (b) above in total are: **$294,300.00**

I declare under the penalty of perjury under the laws of the United States that the foregoing is true and correct.

**SINGLETON LAW GROUP**

Dated:      April 2, 2008      /s/ Jason K. Singleton
Jason K. Singleton,
Richard E. Grabowski, Attorneys for Plaintiff,
**ASIS INTERNET SERVICES**

**Jason K. Singleton**                                                                 **Richard E. Grabowski**

## SINGLETON LAW GROUP

611 "L" Street, Suite A, Eureka, CA 95501                              TEL: (707) 441-1177 / FAX: 441-1533

## STATEMENT - ASIS vs ALL IN, LLC

| Date | | Hours | Amount | who |
|---|---|---|---|---|
| 11/1/2007 | Consult with client regarding spam email | 2.25 | 945.00 | JKS |
| 11/1/2007 | Research and gather data from client's emails relating to ALL IN, LLC | 16.10 | 1,127.00 | JWM |
| 11/2/2007 | Draft complaint, consult with Client | 8.25 | 2,062.00 | REG |
| 11/5/2007 | Gather exhibits for complaint, save in pdf format for efiling, copy for paper filing and service documents | 5.25 | 393.00 | RLA |
| 11/7/2007 | Put complaint and supporting documents, summons, civil cover sheet in final form for signature. Transmit to Court for filing | 1.00 | 75.00 | RLA |
| 11/13/2007 | Redact 106 emails and print for Initial Disclosures | 4.30 | 322.00 | RLA |
| 11/15/2007 | Transmit filed pleadings to process service in Florida for service of process on Agent for Service, Nels Rhea, Internet research | 1.50 | 112.00 | RLA |
| 11/21/2007 | Review Order re reassignment to Magistrate in Eureka, consult with Client | 0.25 | 105.00 | JKS |
| 12/20/2007 | Email process service for status | 0.25 | 18.00 | RLA |
| 12/21/2007 | Review response from Process Service re status of service | 0.25 | 18.00 | RLA |
| 12/28/2007 | Email process service with additional service information | 0.70 | 52.00 | RLA |
| 12/28/2008 | Draft consent to Magistrate with note on service status on Defendant | 0.30 | 126.00 | JKS |
| 1/2/2008 | Efile Consent to Magistrate | 0.10 | 7.00 | RLA |
| 1/3/2008 | Send additional service packets to Florida service for process on Shannon Groth, Managing Member | 1.00 | 75.00 | RLA |
| 1/10/2008 | Send service packet to Duncan & Associates for service on Nels M. Rhea | 0.50 | 37.00 | RLA |
| 1/18/2008 | Internet research on Shannon Groth, download photographs and transmit to Process Service | 3.40 | 238.00 | JWM |
| 1/25/2008 | Emails to and from Process Service regarding attempts to serve Shannon Groth | 0.75 | 56.00 | RLA |

**STATEMENT - ASIS vs ALL IN, LLC**

| Date | Description | Hours | Amount | Who |
|---|---|---|---|---|
| 2/7/2008 | Prepare and file a status report requesting extension on CMC due to service problems | 1.00 | 420.00 | JKS |
| 2/11/2008 | Review Court's Order on new CMC dates, calendar | 0.20 | 84.00 | JKS |
| 2/20/2008 | Research procedure to serve Florida Secretary of State on behalf of All In. Prepare new summons as required and forward to Court for issuance | 1.25 | 525.00 | JKS |
| 2/20/2008 | Prepare certified mailings of service | 1.20 | 90.00 | RLA |
| 2/21/2008 | File Notice of Change of Attorney Email | 0.15 | 63.00 | JKS |
| 2/25/2008 | Fax complete service packet to Shannon Groth | 0.50 | 37.00 | RLA |
| 2/27/2008 | Email complete service packet to Shannon Groth | 0.25 | 18.00 | RLA |
| 2/28/2008 | Telephone call to Shannon Groth, left voice message regarding lawsuit on voice mail | 0.30 | 126.00 | JKS |
| 3/3/2008 | Prepare Service Packet and mail to Florida Secretary of State on behalf of ALL IN, LLC | 0.50 | 37.00 | RLA |
| 3/21/2008 | Review Florida Secretary of State return of service | 0.25 | 105.00 | JKS |
| 3/24/2008 | Draft Request to Enter Clerk's Default of ALL IN, LLC | 0.50 | 210.00 | JKS |
| 3/26/2008 | Legal Research, Draft Declaration for Default Judgment, Judgment | 2.70 | 1,134.00 | JKS |
| | | 54.95 | 8,617.00 | |

**Costs Incurred:**

| Date | Description | Amount | | |
|---|---|---|---|---|
| 11/7/2007 | District Court Filing Fee | 350.00 | | |
| 11/15/2007 | Bryant Service of Process | 55.00 | | |
| 1/3/2008 | Bryant Service of Process | 110.00 | | |
| 1/10/2008 | Duncan & Associates service fee | 65.00 | | |
| 1/20/2008 | USPS certifed mail to Defendants | 33.45 | | |
| 3/3/2008 | Florida Secretary of State service fee | 8.50 | | |
| | | 621.95 | 621.95 | |
| | **TOTAL FEES AND COSTS TO DATE** | | 9,238.95 | |

| Who* is: | | Hourly Rates |
|---|---|---|
| JKS | **Jason K. Singleton, Lead Attorney** | $420.00 |
| REG | **Richard E. Grabowski, Attorney** | $250.00 |
| JWM | **Josh W. Mohland, IT Tech** | $70.00 |
| RLA | **Roberta L. Alliston, Legal Assistant** | $75.00 |

# PROOF OF SERVICE

I declare that I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is, Singleton Law Group, 611 "L" Street, Suite "A", Eureka, CA 95501.

On April 2, 2008, I served the following document:

**APPLICATION FOR ENTRY OF DEFAULT JUDGMENT, AND DECLARATION OF JASON K. SINGLETON IN SUPPORT HEREON**

on the parties listed below as follows:

| | |
|---|---|
| SHANNON M. GROTH / NELS M. RHEA<br>ALL IN, LLC<br>687 Richmond Close<br>Tarpon Springs, FL 34688 | NELS M. RHEA / SHANNON M. GROTH<br>ALL IN, LLC<br>1324 Seven Springs Blvd. #178<br>New Port Richey, FL 34655 |
| ALL IN, LLC<br>c/o Florida Secretary of State<br>P. O. Box 6327<br>Tallahassee, FL 32314 | |

☐   **By facsimile machine** (FAX) by personally transmitting a true copy thereof via an electronic facsimile machine to #

☑   **By first class mail** by placing a true copy thereof in a sealed envelope with postage thereon fully prepaid and placing the envelope in the firm's daily mail processing center for mailing in the United States mail at Eureka, California.

☐   **By personal service** by causing to by personally delivered a true copy thereof to the address(es) listed herein at the location listed herein.

☐   **By Federal Express, UPS,** or overnight mail

☐   **(State)**   I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☑   **(Federal)**   I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on April 2, 2008, at Eureka, California.

           /s/ Roberta Alliston
           Roberta Alliston