IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASIS INTERNET SERVICES,<br><br>    Plaintiff,<br><br>v.<br><br>ALL IN LLC,<br><br>    Defendant._____/ | No. C 07-05717 JSW (MEJ)<br><br>**REPORT AND RECOMMENDATION RE PLAINTIFF'S (1) MOTION FOR ASSIGNMENT ORDER; AND (2) MOTION TO ADD ALTER EGO** |

Pending before the Court are Plaintiff Asis Internet Services': (1) Motion for Assignment Order (Dkt. #23); and (2) "Motion to Add Alter Ego Shannon M. Groth as Judgment Debtor for Administratively Dissolved All In, LLC," (Dkt. #24).[1]  Defendant All In, Inc. has not responded to either Motion.  After thoroughly reviewing Asis's Motions and supporting materials, the undersigned finds the Motions suitable for disposition without oral argument.  *See* N.D. Civ. L .R. 7-1(b).  Accordingly, the hearing set for May 21, 2009, is VACATED.  For the reasons set forth below, the undersigned RECOMMENDS that the District Court DENY both Motions without prejudice.

## I. BACKGROUND

Asis filed this action against All In on November 9, 2007, asserting violations of the federal CAN-SPAM Act of 2003, 15 U.S.C. § 7704(a) and (b).  (Dkt. #1.)  In its Complaint, Asis alleged

---

[1] On January 13, 2009, the Honorable Jeffrey S. White referred the Motions to the undersigned for preparation of a report and recommendation pursuant to Northern District Civil Local Rule 72-1. (Dkt. #26.)

that All In "spammed" Asis's server with 981 unsolicited commercial email messages. (*Id*. at ¶¶ 3-6.) After All In failed to file an answer or otherwise appear in this matter, Asis applied for default judgment, which the Clerk of the Court entered on April 1, 2008. (Dkt. #13.) Thereafter, on October 15, 2008, the Court granted Default Judgment against All In. (Dkt. #20.) Concurrently, the Court entered Judgment in favor of Asis and against All In in the amount of $294,000, plus interest, and also awarded attorneys' fees and costs in the amount of $12,154.36. (Dkt. #21.) The Court further enjoined All In, and all persons acting in concert with them, from current and future violations of the CAN-SPAM Act. (*Id*.)

The following month, on November 11, 2008, Asis filed the pending Motion to Add Alter Ego and Motion for Assignment Order. After considering Asis's argument and supporting Declarations and documents, the undersigned now recommends as follows.

## II. DISCUSSION

**A.     Motion for Assignment Order**

   1.     <u>Overview</u>

In its Motion for Assignment Order, Asis states that it has not received any payments from All In to be applied to the Judgment. (Mot. at 3; Dkt. #23-2, "Declaration of Jason K. Singleton," at ¶3.) As a result, Asis seeks an assignment of certain rights to payments that All In possesses to the extent necessary to satisfy the Judgment and accrued interest. In support, Asis explains that the spam email messages that were the subject of this litigation contain the names of certain internet marketing firms.[2] (Mot. at 2.) Asis states that it "is informed and believes that such internet marketing firms continue to make payments to Defendant, as a kick back for the leads Defendant generates for the marketing firms via spam emails." (*Id*.; Singleton Decl. at ¶6.) Asis thus seeks an order "assigning any right to payment [All In] may have from the marketing firms to [Asis]."

   2.     <u>Legal Standard</u>

Federal Rule of Civil Procedure 69(a) sets forth the process for enforcement of money judgments in district court. This rule provides in pertinent part:

---

[2]In the Declaration of Jason K. Singleton, paragraph 6(a)-(x), Asis lists the names of the 25 entities. (Dkt. #23-2.)

2

> **(a) In General.**
> **(1)** *Money Judgment; Applicable Procedure.* A money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution - and in proceedings supplementary to and in aid of judgment or execution - must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies.

Thus, under Rule 69(a), a federal district court has the authority to enforce its money judgment in accordance with the practice and procedure of the state in which it sits. *See Paul Revere Ins. Group v. United States*, 500 F.3d 957, 960 (9th Cir. 2007); *Duchek v. Jacobi*, 646 F.2d 415, 417-418 (9th Cir. 1981). Accordingly, post-judgment enforcement procedures must comply with California law. *See Credit Suisse v. U.S. Dist. Court for Cent. Dist. of Cal.*, 130. F.3d 1342, 1344 (9th Cir. 1997).

With respect to assignment as a post-judgment enforcement mechanism, California Code of Civil Procedure Section 708.510 provides in relevant part:

> (a) Except as otherwise provided by law, upon application of the judgment creditor on noticed motion, the court may order the judgment debtor to assign to the judgment creditor . . . all or part of a right to payment due or to become due, whether or not the right is conditioned on future developments, including but not limited to the following types of payments:
>    (1) Wages due from the federal government that are not subject to withholding under an earnings withholding order.
>    (2) Rents.
>    (3) Commissions.
>    (4) Royalties.
>    (5) Payments due from a patent or copyright.
>    (6) Insurance policy loan value.
>
> (b) The notice of the motion shall be served on the judgment debtor. Service shall be made personally or by mail.
>
> (c) Subject to subdivisions (d), (e), and (f), in determining whether to order an assignment or the amount of an assignment pursuant to subdivision (a), the court may take into consideration all relevant factors, including the following:
>    (1) The reasonable requirements of a judgment debtor who is a natural person and of persons supported in whole or in part by the judgment debtor.
>    (2) payments the judgment debtor is required to make or that are deducted in satisfaction of other judgment and wage assignments, including earnings assignment orders for support.
>    (3) The amount remaining due on the money judgment.
>    (4) The amount being or to be received in satisfaction of the right to payment that may be assigned.
>
> (d) A right to payment may be assigned pursuant to this article only to the extent necessary to satisfy the money judgment.
> [....]

3

Asis therefore must demonstrate that its request is authorized by and comports with Section 708.510.

    3.    <u>Analysis</u>

Under subsection (a), the Court must first assess whether Asis: (1) is a judgment creditor; and (2) has identified a right to payment belonging to All In. As indicated above, on October 15, 2008, the Court entered Judgement in favor of Asis and against All In in the amount of $294,000, plus interest, and $12,154.36 in attorneys' fees and costs. (Dkt. #21.) Asis is therefore a judgment creditor and All In is a judgment debtor. With respect to the right to payment Asis seeks to assign, Asis indicates that it is "informed and believes that [All In] continues to receive payment from the internet marketing firms that were identified in the spam emails that were the subject of this lawsuit." (Mot. at 2.) The undersigned finds that Asis's showing on this prong is deficient. While Asis may be entitled to an assignment of payments that All In receives from the listed entities to satisfy the outstanding judgment, without more specific evidence showing the nature and amount of such payments, the Court is unable to determine whether the payments are assignable under 708.510(a)-(c). As a result, Asis's Motion for Assignment Order should be denied without prejudice to Asis re-filing the Motion supported by appropriate evidence regarding the payments it seeks to reach through assignment.

**B.    Motion to Add Alter Ego**

    1.    <u>Overview of Motion</u>

In its Motion to Add Alter Ego, Asis requests that the Court amend the Judgment to add an alter ego of All In as a judgment debtor. Specifically, Asis states that the State of Florida dissolved All In on September 26, 2008, after it failed to file its annual report. (Dkt. #24-2, Declaration of Richard Grabowski," at ¶3 & Ex. B.) Asis explains that, according to All In's Articles of Organization for Florida Limited Liability Company, "Shannon M. Groth" is listed as ALL In's "managing member." (Grabowski Decl. at ¶2 & Ex. A.) Asis thus requests that the Court amend the Judgment to add Shannon Groth as a judgment debtor.

/ / /

/ / /

/ / /

4

2. <u>Legal Standard</u>

Because it involves a post-judgment enforcement mechanism, Federal Rule 69(a) also governs Asis's request to amend the judgment to add a non-party judgment debtor. *See Cigna Prop. & Cas. Ins. v. Polaris Pictures Corp.*, 159 F.3d 412, 421 (9th Cir. 1998). Accordingly, the Court looks to California law in evaluating Asis's request. California allows motions to add alter-ego judgment debtors within a reasonable period of time after judgment is entered. *See id.* (citing *Alexander v. Abbey of the Chimes*, 104 Cal. App. 3d 39, 45-47 (Cal. Ct. App. 1980)); *Levander v. Prober (In re Levander)*, 180 F.3d 1114, 1121-22 (9th Cir. 1999) (citing Cal. Code of Civil Pro. § 187)). "In California, a party relying on the alter ego doctrine must show: (1) that there is such a unity of interest and ownership that the legal separateness of the individual and alter ego no longer exist and (2) that the observance of the fiction of separate existence would under the circumstances promote fraud or injustice." *Sonora Diamond Corp. v. Superior Court*, 83 Cal. App. 4th 523, 538 (Cal. Ct. App. 2000).

3. <u>Analysis</u>

As indicated above, Asis seeks to amend the Judgment to add Shannon Groth as a judgment debtor. The factual and legal bases for Asis's request, however, are unclear. On one hand, Asis cites Ninth Circuit law recognizing that California allows a judgment creditor to amend a judgment to add a nonparty alter ego as a judgment debtor. At the same time, Asis also cites Florida law regarding administrative dissolution of limited liability companies and potential managing member liability following dissolution. Although California law is determinative, the Court will analyze both of Asis's theories.

First, to the extent that Asis seeks to add Shannon Groth as a judgment debtor on the theory that she is All In's alter ego, Asis has failed to demonstrate that it is entitled to such relief. As a threshold requirement, Asis must establish that Shannon Groth qualifies as an alter ego of All In. While Asis has provided evidence showing that Groth is listed on All In's Articles of Organization as its managing member, Asis fails to undertake any analysis of how this fact - without more - satisfies California's test for alter ego status. Nor has Asis set forth any argument that the "equitable principles regarding alter ego" are such that, even if Shannon Groth does not meet the formal

5

requirements for alter ego liability, Groth fits within the policy underlying amendment of a judgment based on alter ego liability. *See In re Levander*, 180 F.3d at 122 (citing *Carr v. Barnabey's Hotel Corp.*, 23 Cal. App. 4th 14, 28 (1994)). Having failed to make such a showing, Asis is not entitled to amend the Judgment to add Groth as a judgment debtor at this time. The Court should therefore deny Asis's Motion without prejudice.

Second, Asis cites two subparts of Florida Statute § 608.4481, which provide:

> (1) If the Department of State determines that one or more grounds exist under s. 608.448 for dissolving a limited liability company, it shall serve the limited liability company with written notice of its determination, stating the ground therefor.
>
> [. . . .]
>
> (4) A manager or member of a limited liability company dissolved pursuant to this section, purporting to act on behalf of the limited liability company, is personally liable for the debts, obligations, and liabilities of the limited liability company arising from such action and incurred subsequent to the limited liability company's administrative dissolution only if the manager or member has actual notice of the administrative dissolution at the time such action is taken; but such liability shall be terminated upon the ratification of such action by the limited liability company's members subsequent to the reinstatement of the limited liability company under s. 608.4482.

Reviewing these provision, neither advances Asis's request. Paragraph 1 simply states that the Florida Department of State must provide written notice to a limited liability company stating the grounds for its determination of dissolution under Florida Statute § 608.448. Paragraph 4, on the other hand, addresses a managing member's liability for acts taken on behalf of a limited liability company after its dissolution. Because the actions that form the basis of this lawsuit occurred before All In's administrative dissolution, this provision is inapposite. Consequently, Asis' reliance on these provisions - even if they applied in this matter - is unavailing.

### III. CONCLUSION

Fort he reasons set forth above, the undersigned RECOMMENDS that the District Court DENY Asis's Motion for Assignment Order (Dkt. #23) and Motion to Add Alter Ego (Dkt. #24). Because Asis can potentially correct the deficiencies noted herein, the undersigned RECOMMENDS that the rulings be WITHOUT PREJUDICE.

///

6

Pursuant to Rule 72 of the Federal Rules of Civil Procedure, a party may serve and file objections to this Report and Recommendation within 10 days after being served with a copy of said Report.

**IT IS SO ORDERED.**

Dated: May 5, 2009

MARIA-ELENA JAMES
United States Magistrate Judge